A Sheriff to whom the estate of decedant is committed, is not liable to suits at law by the creditors of the decedent.

# Graham *vs* Anderson.

APPEAL FROM THE KNOX CIRCUIT.

*Sheriff. Curator.*

JUDGE BRECK delivered the opinion of the Court.

ISAAC DICKINSON having died intestate in the county of Knox, and no person having applied within three months after his death for administration upon his estate, the County Court for that county, at its August term, 1842, directed Anderson, the appellee, then Sheriff of the county, to take the estate of the decedent into his possession. The order was made pursuant to the 57th section of the general statute of 1797, (*Stat. Law,* 670.)

In February, 1843, Graham, the appellant, brought his action against Anderson, declaring against him as the administrator of Dickinson, in debt, upon a note of the intestate, payable to the plaintiff, and setting forth in his declaration, the order of the County Court committing the estate of the intestate to the defendant, as Sheriff.

The declaration was demurred to by the defendant, the demurrer sustained, and the plaintiff has appealed to this Court. Whether the demurrer was properly sustained is the only question for our determination.

This Court decided, in *Williams* vs *Collins,* (1 B. Monroe, 58,) that the Sheriff, to whom an estate was committed under the statute referred to, was responsible in a Court of Equity for the estate so received by him, and for the performance of his fiducial duties in relation to it. Whether responsible in an action at law by a creditor of the intestate, is the main question presented in this case, and which does not appear ever to have been passed upon by this Court. In *Hammon and wife* vs *Pearl,* (6 Monroe, 410,) this Court regard the Sheriff, to whom an estate has been thus committed, as the mere agent of the County Court, and not as an executor or administrator; that he is, in effect, a Trustee, and as such responsible in a Court of Equity, was settled in *Williams* vs *Collins,*

referred to, but we do not understand the opinion in that case, as insisted by the counsel for the appellant, as strongly intimating that he would be responsible in an action at law. The question certainly did not arise in that case. The statute very explicitly defines the duties and powers of the Sheriff, to whom the County Court may commit the estate of a decedent, and he has no power, no authority, and should not, we think, be regarded as occupying any other attitude or possessing any other character than what is given him by the statute. The statute does not declare him to be an administrator, nor does it vest him with the power and authority of an administrator, and, we think, he is not subject to an action at law like an administrator. The principle upon which the Circuit Court has entertained Chancery jurisdiction is, that the Sheriff, in such cases, is a Trustee, and in that character is peculiarly responsible to a Court of Equity.

Upon sustaining the demurrer, the Court below also gave the defendant a judgment for his costs, and we think correctly.

The judgment is affirmed.

*F. Ballinger* for appellant: *Harlan & Craddock* for appellee.